

THE ATTORNEY GENERAL
OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

August 15, 1949

Hon. Henry Taylor, Jr.
County Attorney
Bell County
Belton, Texas

Dear Sir:

Opinion No. V-883

Re: The legality of one
person being both a
trustee of an inde-
pendent school dis-
trict and a city
health officer at the
same time.

You have requested an opinion relative to the legality of one person being the trustee of an independent school district and at the same time a city health officer of an incorporated city located within the boundaries of the independent school district.

The Texas constitutional prohibition against holding more than one office of emolument (Sec. 40, Art. XVI) is inapplicable to the question under consideration since a trustee of an independent school district serves without compensation. A.G. Opinions Nos. V-63 and V-242. Likewise, Section 33 of Article XVI of the Constitution of Texas is not violated under the facts submitted since neither the city health officer nor the trustee of an independent school district are paid out of the State Treasury. A.G. Opinions Nos. V-63 and V-242.

It is a fundamental rule of law, however, that one person may not hold at the same time two offices, the duties of which are incompatible. Thomas v. Abernathy County Line Ind. Sch. Dist., 290 S.W. 152, (Tex. Comm. App. 1927). The principle of incompatibility of offices is clearly expressed in the case of Knuckles v. Board of Education of Bell County, (Ky.), 114 S.W.2d 511, at page 514 (1938):

"One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principle duties, or is subject to supervision by the

other, or where a contrariety and antagonism
would result in the attempt by one person
to discharge the duties of both. Under this
principle two offices are incompatible where
the incumbent of one has the power to remove
the incumbent of the other, though the con-
tingency on which the power may be exercised
is remote, and it also exists where the incum-
bent of one office has the power of appoint-
ment as to the other office, . . . or to au-
dit the accounts of another, or to exercise
a supervision over another."

The question before the Supreme Court in the
Thomas case, supra, was whether the offices of school
trustee of an independent school district and city al-
derman were incompatible. The Court in holding that
the two offices were incompatible stated the following:

"In our opinion the offices of school
trustee and alderman are incompatible; for
under our system there are in the city coun-
cil or board of aldermen various directory
or supervisory powers exertable in respect
to school property located within the city
or town and in respect to the duties of
school trustee performable within its li-
mits--e.g., there might well arise a con-
flict of discretion or duty in respect to
health, quarantine, sanitary, and fire pre-
vention regulations. See articles 1015,
1067, 1071, R.S. 1925. If the same person
could be a school trustee and a member of
the city council or board of aldermen at the
same time, school policies, in many important
respects, would be subject to direction of
the council or aldermen instead of to that of
the trustees."

Article 4430, V.C.S. provides:

"Each city health officer shall perform
such duties as may be required of him by gen-
eral law and city ordinances with regard to
the general health and sanitation of towns
and cities, and perform such other duties as
shall be legally required of him by the mayor,
governing body or the ordinances of his city
or town. He shall discharge and perform such

Hon. Henry Taylor, Jr., page 3  (V-883)

duties as may be prescribed for him under
the directions, rules, regulations and re-
quirements of the State Board of Health
and the president thereof.  He shall be
required to aid and assist the State Board
of Health in all matters of quarantine,
vital and mortuary statistics, inspection,
disease prevention and suppression and san-
itation within his jurisdiction.  He shall
at all times report to the State Board of
Health, in such manner and form as said
board may prescribe, the presence of all
contagious, infectious and dangerous epi-
demic diseases within his jurisdiction, and
shall make such other and further reports in
such manner and form and at such times as
said State board shall direct, touching all
such matters as may be proper for said board
to direct, and he shall aid said State board
at all times in the enforcement of proper
rules, regulations and requirements in the
enforcement of all sanitary laws, quarantine
regulations and vital statistics collection,
and perform such other duties as said State
board shall direct."

It is well settled in this State that school
authorities have the power to enforce regulations rela-
tive to the maintenance of health in proper conduct of
the public schools and to make such rules and regula-
tions necessary to prevent the spread of contagious dis-
eases.  City of Dallas v. Mosely, 17 S.W.2d 36 (Comm.
App. 1929);  Booth v. Board of Education, 70 S.W.2d 350
(Tex. Civ. App. 1934, error dism.); 37 Tex. Jur. 1068,
Schools, Sec. 181, 182.  We quote the following from
37 Tex. Jur., pp. 1068-1071:

"The maintenance of health being of
prime importance in the proper conduct of
the public schools, it is settled that the
school authorities can maintain a health de-
partment where such department is related to
and run as a part of the school system and
tends to further the efficiency of that sys-
tem.

"  .  .  .

"Where exclusive control of the public

Hon. Henry Taylor, Jr., page 4  (V-883)

schools of a city or district is given to its board of education or trustees, with power to establish all rules and regulations necessary to maintain an efficient system, any regulation intended and reasonably calculated to prevent the introduction or spread of a contagious and dangerous disease, such as small pox, is well within the powers granted. School boards, in the proper administration of the affairs of schools, may therefore require the vaccination of pupils as a condition precedent to their attendance. And under their power to enact ordinances for the protection of health, legislative bodies of municipalities may deny children the right to attend school unless vaccinated. Ordinances and regulations of this nature are not in contravention of constitutional guaranties, nor do they interfere with the operation of the compulsory school law. Nor are the regulations objectionable on the ground that no emergency exists; it is not a question of emergency, but a question whether the board's action is arbitrary.

" . . .

" . . . If it is alleged that the condition of the health and body of a particular child makes vaccination subjectively dangerous, such fact should in general be established by experts, and it should appear that the condition has been made known to the school authorities and that an effort has been made to exempt such child from vaccination. Moreover, health regulations of this sort, being within the jurisdiction of trustees, can be reviewed only in the manner provided by law; that is, resort to designated school authorities must be had before an appeal to the courts."

In view of the foregoing, it is our opinion that the Board of Trustees of an independent school district have substantially the same duties as that of the City Health Officer in respect to the maintenance of health in the public schools and making regulations to prevent the spread of contagious diseases in the schools under its supervision. In view of the holding in the case of Thomas v. Abernathy County Line Independent

School District it is our opinion that the offices of city health officer and trustee of an independent school district are incompatible since there could be a conflict of discretion or duty in offices with respect to health, quarantine, and sanitary regulations involving the school district. You are therefore advised that the same person cannot be a school trustee of an independent school district and a city health officer of an incorporated city where such city lies within the boundaries of the independent school district.

## SUMMARY

A person cannot hold the office of city health officer and trustee of an independent school district at the same time, since the duties of said offices are incompatible. Thomas v. Abernathy County Line Independent School District, 290 S.W. 152, (Tex. Comm. App. 1927); Nuckles v. Board of Education of Bell County (Ky.) 114 S.W.2d 511 (1938).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:bh:mw

APPROVED

Joe R. Greenhill

FIRST ASSISTANT
ATTORNEY GENERAL